UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ENRIQUE MURILLO, | Case No. 1:17-cv-01595-AWI-JDP (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO DENY PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| R. NDOH, | ECF No. 1 |
| Respondent. | OBJECTIONS DUE IN 14 DAYS |

Petitioner Jorge Enrique Murillo, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. Petitioner lost good time credit after being disciplined for possession of inmate-manufactured alcohol. He alleges that a hearing officer refused petitioner the opportunity to confront a witness and that the substance at issue was not tested. Because the state court decisions denying petitioners claims were not contrary or based on an unreasonable application of clearly established federal law, we recommend that the court deny the petition.

**I.  Background**

Petitioner was found guilty of a Rules Violation Report ("RVR"), dated January 23, 2016, for possession of inmate manufactured alcohol in the consumption stage. ECF No. 1 at 18. Officer Mancilla was observing the yard when he responded to a radio request to check on suspicious inmates. ECF No. 9-1 at 25. Officer Mancilla and Sergeant Flores approached and

1

saw petitioner quickly walking away toward an orange cone. *Id.* Officer Mancilla and Sergeant Flores both observed petitioner pick up the cone, place something under it, and continue walking away. *Id.* at 25-26. Sergeant Flores shut the yard down, and Officer Mancilla walked to the cone. *Id.* Under the cone, Officer Mancilla found a "small plastic bag with a clear liquid substance." *Id.* at 25. Mancilla could smell a strong odor "like that of rubbing alcohol." *Id.* Sergeant Flores questioned petitioner about what he had placed under the cone, but he denied placing anything under the cone or any possession of what was found there. *Id.* at 25-26. Sergeant Flores identified the liquid in the bag as inmate-manufactured alcohol. *Id.*

Petitioner alleges that he was heading to the restroom when the yard was shut down. ECF No. 1 at 6. Petitioner denies ever possessing the bag of liquid. *Id.* at 8. On March 2, 2016, Lieutenant Tumacder conducted a hearing on the RVR. ECF No. 9-1 at 29. Three witnesses were called—Officer Mancilla, Inmate Martinez, and Inmate Gutierrez—and petitioner had the opportunity to question each of them. *Id.* at 30-31. Petitioner appealed the RVR decision through the prison's administrative process, which upheld the guilty verdict. *Id.* at 2. The Superior Court rejected petitioner's claims on the merits. *Id.* at 18-19. The Court of Appeal and California Supreme Court summarily denied review. *Id.* at 21-22.

**II. Discussion**

Petitioner claims that he had insufficient process at his disciplinary hearing because he was not able to confront Sergeant Flores and because the substance identified as alcohol was not tested. Respondent argues that petitioner has no grounds for habeas relief because the law for disciplinary hearings is clearly established and the state courts properly applied the law.

Inmates may seek habeas relief for an unconstitutional deprivation of good time credits. *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973) (recognizing that a lawsuit for the restoration of credits to shorten inmates' length of confinement was "within the core of habeas corpus"). However, petitioner is not entitled to federal habeas relief for claims that were adjudicated on their merits in state court unless he can first show that the state court adjudication of the claims: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted

1  in a decision that was based on an unreasonable determination of the facts in light of the evidence
2  presented in the State court proceeding." 28 U.S.C. § 2254(d).
3       In *Wolff*, the Supreme Court held that the liberty interest arising from prison regulations
4  regarding disciplinary hearings entitles the prisoner to certain procedural protections, including:
5  (1) written notice of the charges at least 24 hours in advance of the hearing; (2) a written
6  statement indicating upon what evidence the fact finders relied and the reasons for the
7  disciplinary action; (3) the opportunity to call witnesses and present documentary evidence when
8  doing so will not be unduly hazardous to institutional safety or correctional goals; and (4) an
9  impartial fact-finder. *Wolff v. McDonnell*, 418 U.S. 539, 564-71 (1974). In *Hill*, the Court held
10 that "revocation of good time does not comport with 'the minimum requirements of procedural
11 due process' . . . unless the findings of the prison disciplinary board are supported by some
12 evidence in the record." *Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S.
13 445, 454 (1985) (quoting *Wolff*, 418 U.S. at 558). No due process violation occurs if "there is any
14 evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*,
15 472 U.S. at 455-56. The "some evidence" standard assures that "the record is not so devoid of
16 evidence that the findings of the disciplinary board were without support or otherwise arbitrary."
17 *Id.* at 457.
18      The Superior Court applied the correct legal standard and explained that the identification
19 of the substance by Officer Mancilla and Sergeant Flores, as Mancilla testified, was "some
20 evidence" to support the finding of guilt by the hearing officer. ECF No. 1 at 19. The Superior
21 Court also reasoned that petitioner's inability to call Sergeant Flores as a witness complied with
22 prison regulations because Flores was unavailable. *See id.* (citing Cal. Code Regs. tit. 15,
23 § 3315(e)(1)(C)).
24      Upon review, this court is limited to determining whether the state court's analysis was
25 contrary to clearly established federal law. *See* 28 U.S.C. § 2254(d). In this case, the Superior
26 Court properly applied federal law to conclude that there was some evidence to support finding
27 petitioner guilty. *See Hill*, 472 U.S. at 457. Petitioner does not provide, and we have not found,
28 clearly established federal law that would impart a right upon petitioner to call Sergeant Flores as

a witness when petitioner was allowed to call three other witnesses and Sergeant Flores was unavailable. The reports of Flores and Mancilla were substantially similar, Mancilla was available to testify but Flores was not available, and we must defer to the prison's need to further institutional safety and correctional goals. *See Wolff*, 418 U.S. at 540. Petitioner's hearing comported with the due process requirements in *Wolff* and *Bell*. Additionally, we defer to the state court's application of state law and may only grant habeas relief for the violation of clearly established federal law. Therefore, petitioner has failed to provide grounds for federal habeas relief, and we recommend denial of the petition.

### III.    Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The petitioner must show "something more than the absence of frivolity or the existence of mere good faith." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not disagree that the petition here is without merit and that it should not proceed further. Thus, the court should decline to issue a certificate of appealability.

### IV.    Findings and recommendations

We recommend that the petition be denied and that the court decline to issue a certificate of appealability. We submit the findings and recommendations to the U.S. District Court Judge who will be assigned to the case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen

days of the service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The assigned District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: June 5, 2019

_____
UNITED STATES MAGISTRATE JUDGE

No. 204